U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 12 2020
CLERK, U.S. DISTRICT COURT
By ________ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

JOSE RAMON HUARACHA-ESCAMILLA

No. 2-20CR-070-Z

# INDICTMENT

The Grand Jury Charges:

## BACKGROUND

### H-2A Temporary Worker Program

1. An H-2A visa is commonly referred to as a "temporary work visa" for agricultural workers. H-2A visas are intended to be for foreign, seasonal workers, and such visas are issued for a period of no more than a year, with extensions possible in one-year increments up to three years.

2. Workers cannot apply for H-2A visas without being sponsored by an employer. The application is filed by the employer, who is referred to as the "petitioner," and the alien is referred to as the "beneficiary." To obtain an H-2A visa for a foreign worker, the petitioner first must file an Application for Temporary Employment Certification, Form 9142, H-2A Application for Temporary Employment Certification (the "ETA Form 9142") with the Department of Labor ("DOL") requesting a DOL certification. The application to DOL must provide facts indicating that certain conditions established by DOL for obtaining visas for nonimmigrant alien

workers are met, such as that the petitioning company has a need for the employees and that it cannot fill such need with workers in the United States. Once DOL issues the prospective employer a certified ETA Form 9142, the employer is required to submit the original ETA 9142 and supporting documentation to DOL, and a Petition for a Nonimmigrant Worker, Form I-129 (the "Form I-129") to the Department of Homeland Security ("DHS").

3. In many instances, the ETA Forms 9142 and Forms I-129 are completed and filed on behalf of the petitioner and alien beneficiaries by a "preparer," which may include law firms, agents, or other persons or businesses who assist petitioners in the field of immigration benefits and visas.

4. An employer seeking H-2A labor certification must attest as part of the Application for Temporary Employment Certification (Appendix A to the ETA Form 9142), a required document for an H-2A visa petition, that:

> (a) the employer and its agent have not sought or received payment of any kind from the employee for any activity related to obtaining the labor certification, including payment of the employer's attorney fees, Application for Temporary Employment Certification, or recruitment costs. The attestation makes clear that prohibited payments for purposes of the form include wage concessions, kickbacks, bribes, tributes, in kind payments, and free labor;
>
> (b) the employer has and will contractually forbid any foreign labor contractor or recruiter from whom the employer engaged in international recruitment of H-2A workers to seek or receive payments from prospective employees;
>
> (c) the employer will comply with applicable Federal, state and local employment-related laws and regulations; and

(d) the employer will pay all covered workers at least the highest of the following applicable wage rates in effect at the time work is performed: the adverse effect wage rate ("AEWR"), the applicable prevailing wage, the agreed-upon collective bargaining rate, or the Federal or State statutory minimum wage.

5. On the Form I-129, a petitioner must submit information about the employing petitioner and information about the prospective employment, including the job title, physical location of the job, and wages or salary. The petitioner does not have to specify a worker or workers by name, unless the alien is already in the United States, and can request multiple workers so long as the need for the workers is appropriately justified in the petition. The petitioner must sign the Form I-129, thereby certifying under penalty of perjury that the petition and the evidence submitted with it is all true and correct.

6. An employer seeking H-2A labor certification must attest as part of the H Classification Supplemental to Form I-129, a required immigration document for an H-2A work visa petition, that:

(a) none of the H-2A workers located for hiring paid the employer, or any service or agent, any form of compensation as a condition of employment or made an agreement to pay the employer or any service or agent at a later date; and

(b) the employer agrees to the conditions of H-2A employment, which include payment of any worker travel expenses from the worker's home abroad to the place of employment in the United States if the worker completes 50 percent of the work contract period.

7. Upon final approval of the I-129 petition, the foreign nationals (beneficiaries) may then apply for an H-2A visa at a U.S. Embassy or Consulate overseas

using the electronic Form DS-160, Consular Electronic Application ("DS-160"). While the form does not have a place for a signature, when the foreign national arrives at the Embassy or consulate for the visa interview, they will submit their fingerprint and certify under penalty of perjury that all the statements in the visa application and anything they say during the visa interview is true to the best of their knowledge.

8. H-2A status is only valid to permit the alien beneficiary to enter the United States and work for the petitioner in the specific position described in the Form I-129. Accordingly, if at any point the petitioner or the alien beneficiary terminates his or her employment, the H-2A status is no longer valid and the alien must depart the United States unless a subsequent valid status has been granted. Federal regulations provide that a petition can be denied or revoked where a beneficiary paid or agreed to pay the employer, an agent, facilitator, recruiter, or similar employment service fees or compensation. Denial or revocation is required if payment of the fees or compensation was a condition of an offer of employment under the H-2A program.

The Sponsoring Employer

9. Blaine Larsen Farms, Inc. operates farms in multiple states. One such farm is located near Dalhart, Texas. The labor force at this location is predominately made up of foreign national workers from Mexico authorized to work under H-2A visa authority. Larsen Farms obtains employment authorization on behalf of these non-immigrant workers through the H-2A Temporary Agricultural Worker Program. Larsen Farms

employs as many as four hundred H-2A visa workers at its farming operations any given year.

10. Larsen Farms uses attorneys to prepare and file applications and petitions for H-2A workers with the DOL and USCIS. Larsen Farms bears all the costs associated with the filing of Alien Employment Certifications with DOL and the I-129 forms with USCIS. Additionally, Larsen Farms supplies housing and provides transportation for H-2A workers to and from job sites and into the surrounding areas for shopping. Larsen Farms also provides the transportation and related costs for H-2A workers from Mexico to the U.S. and the return costs for those workers back to Mexico.

11. At all times relevant, Jose Ramon Huaracha-Escamilla held a managerial role at the Larsen Farms farming operation near Dalhart, Texas.

Count One
Conspiracy to Commit Fraud in Foreign Labor Contracting
(Violation of 18 U.S.C. § 1349)

12. Beginning in or about February 2018, and continuing until in or about June 2020, in the Amarillo Division of the Northern District of Texas, and elsewhere, **Jose Ramon Huaracha-Escamilla**, defendant, did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the grand jury, to commit offenses against the United States, that are, to recruit, solicit, and hire persons from outside of the United States for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations, and promises regarding that employment, in violation of Title 18, United States Code, Section 1351.

Purpose of the Conspiracy

13. The purpose of the conspiracy was to obtain money in the form of illegal fees from H-2A visa workers.

Manner and Means of the Conspiracy

The grand jury re-alleges and incorporates paragraphs 1 through 11, as if fully set forth herein.

14. Huaracha-Escamilla and his co-conspirators approached prospective Larsen Farms H-2A workers in Mexico and told them that they had to pay Huaracha-Escamilla in order to be eligible to work at Larsen Farms. Huaracha-Escamilla and his co-conspirators told these prospective Larsen Farms H-2A workers that Huaracha-Escamilla controlled which workers were given the opportunity to work at Larsen Farms and that,

in order to be given the opportunity to work, they had to pay Huaracha-Escamilla either up front in Mexico or they could pay him after they began working at Larsen Farms and receiving their pay. Huaracha-Escamilla charged these H-2A visa workers, on average, between $1,000 and $1,500.

All in violation of Title 18, United States Code, Section 1349.

Count Two
Fraud in Foreign Labor Contracting
(Violation of 18 U.S.C. § 1351)

15. Beginning in or about February 2018, and continuing until in or about June 2020, in the Amarillo Division of the Northern District of Texas, and elsewhere, **Jose Ramon Huaracha-Escamilla**, defendant, together with others, did knowingly and with intent to defraud recruit, solicit, and hire one and more persons outside the United States for purposes of employment in the United States by means of materially false and fraudulent pretenses, representations, and promises regarding that employment.

In violation of Title 18, United States Code, Sections 1351(a) and 2.

A TRUE BILL:

FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

SEAN J. TAYLOR
Assistant United States Attorney
Texas Bar No. 24075147
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone: 806-324-2356
Facsimile: 806-324-2399
E-Mail: sean.taylor@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

THE UNITED STATES OF AMERICA

v.

JOSE RAMON HUARACHA-ESCAMILLA

INDICTMENT

COUNT 1: CONSPIRACY TO COMMIT FRAUD IN FOREIGN LABOR CONTRACTING
Title 18, United States Code, Section 1349.

COUNT 2: FRAUD IN FOREIGN LABOR CONTRACTING
Title 18, United States Code, Sections 1351 and 2.

(2 COUNTS)

A true bill rendered:

Lubbock ______________________ Foreperson

Filed in open court this 12th day of August, A.D. 2020.

Clerk

DEFENDANT IN FEDERAL CUSTODY
(Magistrate Case No. 2:20-MJ-92 – filed 7/21/2020)

UNITED STATES MAGISTRATE JUDGE